1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   ANDRE KOVACS, individually and        No. 2:22-cv-00120 WBS AC
     as heir and successor in
13   interest to LIBERTY KOVACS,
     deceased,
14                                          ORDER RE: MOTIONS TO REMAND
                    Plaintiff,              AND TO DISMISS COMPLAINT
15
           v.
16
     MEK NORWOOD PINES, LLC, dba
17   NORWOOD PINES ALZHEIMERS CENTER,
     and DOES 51-60,
18
                    Defendants.
19

20
                            ----oo0oo----
21

22         Plaintiff brought this action in Sacramento Superior

23   Court against defendant MEK Norwood Pines, LLC ("Norwood").

24   (Compl. (Docket No. 1-1).)  Defendants removed the action to this

25   court on January 19, 2022.  (Notice of Removal ("Notice") (Docket

26   No. 1).)  Before the court are defendants' motion to dismiss

27   plaintiff's claims and plaintiff's motion to remand to state

28
                                   1

1    court.  (Docket Nos. 4, 7.)[1]

2    I.    Factual and Procedural Background

3          Norwood operates Norwood Pines Alzheimer's Center, a

4    skilled nursing facility located in Sacramento, California.

5    (Compl. at ¶¶ 1, 5.)  Liberty Kovacs, plaintiff's mother, was a

6    92-year-old woman with Alzheimer's who died from COVID-19 while

7    at the facility on December 25, 2020.  (See id. at ¶¶ 9, 19-20,

8    25.)  Plaintiff alleges Norwood was neglectful and failed to

9    implement reasonable infection control measures to prevent the

10   spread of COVID-19 at Norwood Pines and resulting deaths.  (See

11   id. at ¶¶ 27-33.)  He asserts claims for (1) violation of

12   California's Elder Abuse and Dependent Adult Civil Protection

13   Act, Welf. & Inst. Code § 15610.27; (2) violation of resident

14   rights under Health & Safety Code § 1430(b); (3) negligence; and

15   (4) wrongful death.  (Compl. at ¶¶ 37-78.)[2]

16   II.   Motion to Remand

17         "Under 28 U.S.C. § 1441, a defendant may remove an

18   action filed in state court to federal court if the federal court

19   would have original subject matter jurisdiction over the action."

20   Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th

21   Cir. 2009).  On a motion to remand, defendants bear the burden of

22

23         [1]    Because counsel on both sides announced, two court days
     before the hearing, that due to conflicts they could not attend
24   the April 18, 2022 hearing on this motion -- despite plaintiff's
     counsel having previously selected that date for argument -- the
25   court takes the matter under submission without the need for oral
     argument.
26

27         [2]    Plaintiff's complaint also seeks "enhanced remedies"
     under the negligence claim for alleged "willful misconduct" by
28   defendants.  (Id. at ¶¶ 55-66.)

                                    2

1   showing that federal jurisdiction is appropriate.  Geographic

2   Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th

3   Cir. 2010) (citation omitted).  Any questions regarding the

4   propriety of removal are resolved in favor of the moving party.

5   Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090

6   (9th Cir. 2003).  If removal was improper, "the district court

7   lack[s] subject matter jurisdiction, and the action should [be]

8   remanded to the state court."  Toumajian v. Frailey, 135 F.3d

9   648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

10          Defendants do not contend that diversity jurisdiction

11  exists in this case.  (See Notice); 28 U.S.C. § 1332(a).  Rather,

12  they removed on the grounds that subject matter jurisdiction

13  exists based on (1) the Federal Officer Removal Statute, 28

14  U.S.C. § 1442(a); (2) the Public Readiness and Emergency

15  Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; and

16  (3) the existence of an embedded federal question.  (Notice.)

17          In nearly identical cases, the Ninth Circuit and

18  district courts within it have repeatedly rejected all three of

19  defendants' asserted bases for subject matter jurisdiction.  Most

20  notable among these is the Ninth Circuit's decision in Saldana v.

21  Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022).[3]  See

22  _____

23          [3]    Defendants appear to acknowledge that Saldana would
    foreclose most or all of their asserted bases for federal
    jurisdiction.  (See Opp. at 8-10 (Docket No. 10).)  Even so, they
24  ask the court to disregard Saldana on the basis that it "is not
    yet final as no mandate has issued and defendants in that case
25  have petitioned for rehearing and rehearing en banc."  (See id.
    at n.1.)
26          Defendants provide no authority for the proposition
    that a published Ninth Circuit decision is not binding on this
27  court until a mandate has issued.  (Id.)  However, that
    proposition has been squarely rejected by the Ninth Circuit,
28

                                    3

1  also <u>Martin v. Filart</u>, 20-56067, 2022 WL 576012 (9th Cir. Feb.

2  25, 2022).

3       A.   <u>Federal Officer Removal Statute</u>

4            Like here, in <u>Saldana</u> the defendant nursing home argued

5  it qualified for federal officer removal under § 1442(a),

6  pointing to memoranda from federal agencies addressing nursing

7  homes' response to the COVID-19 pandemic.  <u>Saldana</u>, 27 F.4th at

8  684-85; (<u>see</u> Opp. at 23-24 (Docket No. 10)).  Like here, it

9  argued that these agencies' directives demonstrated sufficient

10 federal control to bring it within the statute's ambit, and

11 further argued that "its designation as part of the national

12 critical infrastructure necessarily means that it acted on behalf

13 of a federal official or that it carried out a government duty."

14 <u>Saldana</u>, 27 F.4th at 684-85; (<u>see</u> Opp. at 23-25).

15           The Ninth Circuit held, however, that "[w]ithout more

16 than government regulations and recommendations," the nursing

17 home "failed to establish that it was 'acting under' a federal

18 official" or to "identif[y] a duty of the federal government that

19 it performed."  <u>Saldana</u>, 27 F.4th at 685 (quoting <u>Watson v.</u>

20 <u>Philip Morris Cos., Inc.</u>, 551 U.S. 142, 153 (2007)).  Reasoning

21 that "[i]t cannot be that the federal government's mere

22 designation of an industry as important -- or even critical -- is

23 sufficient to federalize an entity's operations and confer

24 federal jurisdiction," the court further held that the home's

25 which has "unequivocally stated that a published decision
26 constitutes binding authority and must be followed unless and
   until it is overruled by a body competent to do so."  <u>In re</u>
27 <u>Zermeno-Gomez</u>, 868 F.3d 1048, 1052-53 (9th Cir. 2017) (addressing
   argument "that a [Ninth Circuit] decision is not binding on lower
28 courts until the mandate has issued").

4

1  "status as a critical infrastructure entity does not establish

2  that it acted under a federal officer or agency, or that it

3  carried out a government duty."  Id. (citations omitted).  The

4  court concluded that the home had demonstrated only "that it

5  operated as a private entity subject to government regulations,

6  and that during the COVID-19 pandemic it received additional

7  regulations and recommendations from federal agencies."  Id. at

8  686.  It consequently held that § 1442 did not allow for removal,

9  as the home "was not 'acting under' a federal officer or agency

10  as contemplated by the federal officer removal statute."  Id.

11        Defendants' arguments for federal officer removal are

12  substantively identical to those the Ninth Circuit addressed and

13  rejected in Saldana.  See also, e.g., Thomas v. Pomona Healthcare

14  & Wellness Ctr., 2:22-cv-179 SVW PLA, 2022 WL 845349, at *4-5

15  (C.D. Cal. Mar. 22, 2022) (rejecting similar invocation of

16  federal officer removal by skilled nursing facility in COVID-19

17  wrongful death suit, relying in part on Saldana); Herring v.

18  Californian-Magnolia Convalescent Hosp., Inc., 22-cv-44 JGB

19  (KKx), 2022 WL 743515, at *4 (C.D. Cal. Mar. 11, 2022) (same).

20  § 1442 therefore cannot serve as a basis for removal here.

21        B.   Complete Preemption of PREP Act

22        Defendants also argue federal jurisdiction exists

23  because plaintiff's claims are completely preempted by the PREP

24  Act.  (Opp. at 11-22.)  "Complete preemption is 'really a

25  jurisdictional rather than a preemption doctrine, as it confers

26  exclusive federal jurisdiction in certain instances where

27  Congress intended the scope of a federal law to be so broad as to

28  entirely replace any state-law claim.'"  Dennis v. Hart, 724 F.3d

1249, 1254 (9th Cir. 2013) (citation omitted).  Complete
preemption is an exception to the well-pleaded complaint rule
wherein "the pre-emptive force of the statute is so
'extraordinary' that it 'converts an ordinary state common-law
complaint into one stating a federal claim.'"  City of Oakland v.
BP PLC, 969 F.3d 895, 905 (9th Cir. 2020) (quoting Caterpillar
Inc. v. Williams, 482 U.S. 386, 393 (1987)).

In Saldana, the Ninth Circuit specifically held that
"the PREP Act is not a complete preemption statute."  Saldana, 27
F.4th at 688.  Accordingly, federal jurisdiction cannot exist
here based on complete preemption.

Defendants also argue that, even if the PREP Act is not
a complete preemption statute, it preempts claims alleging
willful misconduct by creating an exclusive federal cause of
action for such claims.  (Opp. at 13.)  However, Saldana
addressed this argument as well: "[F]inding that one claim may be
preempted is different than finding that the 'federal statutory
scheme is so comprehensive that it entirely supplants state law
causes of action,' such as the [plaintiffs'] other causes of
action for elder abuse, custodial negligence, and wrongful
death."  Saldana, 27 F.4th at 688 (citations omitted); see also
Caterpillar, 482 U.S. at 392 ("[I]t is now settled law that a
case may not be removed to federal court on the basis of a
federal defense, including the defense of pre-emption, even if
the defense is anticipated in the plaintiff's complaint, and even
if both parties concede that the federal defense is the only
question truly at issue.").

Accordingly, Saldana held that "the district court's

1   remand order for lack of federal subject matter jurisdiction

2   based upon complete preemption was proper," notwithstanding the

3   PREP Act's provision of an exclusive cause of action for willful

4   misconduct.  Saldana, 27 F.4th at 688.  Even though plaintiff's

5   complaint includes allegations of willful misconduct, preemption

6   cannot serve as a basis for federal jurisdiction here.

7        C.   Embedded Federal Question

8        Finally, defendants argue that plaintiff's claims

9   present an embedded question of federal law on the basis that

10  they implicate the PREP Act.  (Opp. at 22-23.)  Under the

11  embedded federal question doctrine, "the Supreme Court has

12  recognized a 'special and small category' of state-law claims

13  that arise under federal law for purposes of § 1331 'because

14  federal law is a necessary element of the . . . claim for

15  relief.'"  City of Oakland, 959 F.3d at 904 (quoting Empire

16  Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006)).

17       Saldana addressed and rejected an argument identical to

18  the one defendants pursue here.  Noting that "[t]he well-pleaded

19  complaint rule applies when determining whether the embedded

20  federal question doctrine applies," it observed that "[t]he

21  claims in the complaint [we]re raised under California law and

22  d[id] not raise questions of federal law on the face of the

23  complaint."  Saldana, 27 F.4th at 688.  Although the nursing home

24  "s[ought] to raise a federal defense under the PREP Act," the

25  court explained that "a federal defense is not a sufficient basis

26  to find embedded federal question jurisdiction."  Id.  Because

27  the nursing home "d[id] not identify how a right or immunity

28  created by the PREP Act must be an essential element of the

1  willful misconduct claim as stated in the complaint," the

2  complaint presented no embedded federal question.  Id. at 689.

3          Here, defendants do not identify how the PREP Act

4  implicates an essential element of any claim presented in the

5  complaint.  Rather, they point to an advisory opinion issued by

6  the Secretary of the United States Department of Health and Human

7  Services asserting that an embedded federal question exists.

8  (Opp. at 22.)  As Saldana explained, however, "an agency's

9  opinion on federal court jurisdiction is not entitled to . . .

10 deference."  Saldana, 27 F.4th at 687; see Thomas, 2022 WL

11 845349, at *3 (Health and Human Services statements do not impact

12 existence of embedded federal question) (collecting cases).[4]

13         For the reasons stated in Saldana, plaintiff's

14 complaint does not present an embedded federal question.  See

15 also Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393, 413 (3d

16 Cir. 2021) (holding that because "a PREP Act . . . defense is not

17 'necessarily raised' by a well-pleaded state law negligence

18 complaint," nursing home's embedded federal question argument

19 failed) (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013)).

20 Accordingly, this basis for federal jurisdiction fails as well.

21 The court will therefore grant plaintiff's motion to remand.

22     D.   Attorney's Fees

23         Plaintiff also requests that the court award attorneys'

24 _____

25      [4]   Defendants also cite the Secretary's statement that
   federal policy interests require "a unified, whole-of-nation
26 response to the COVID-19 pandemic."  (Opp. at 22.)  However, the
   Supreme Court has made clear that an issue does not create an
27 embedded federal question simply because it will further a
   uniform interpretation of a federal statute.  See Merrell Dow
28 Pharm. Inc. v. Thompson, 478 U.S. 804, 815-16 (1986).

1    fees pursuant to 28 U.S.C. § 1447(c).  (Mot. at 7.)   Section

2    1447(c) provides that "[a]n order remanding the case may require

3    payment of just costs and any actual expenses, including attorney

4    fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

5    "Absent unusual circumstances, a court may award costs and

6    attorney's fees under § 1447(c) only where the removing party

7    lacked an objectively reasonable basis for seeking removal."

8    Grancare, LLC v. Thrower, 889 F.3d 543, 552 (9th Cir. 2018)

9    (citing Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)).

10           The court has concluded that defendants' arguments in

11   support of removal are foreclosed by Saldana.  Although Saldana

12   had not been decided at the time defendants removed to this

13   court, it had when defendants opposed plaintiff's motion to

14   remand.  While removal itself therefore was not unreasonable,

15   defendants' opposition to plaintiff's motion in the face of

16   binding and on-point authority was.  See Herring, 2022 WL 743515,

17   at *5 (denying fees following remand of COVID-based wrongful

18   death claim against nursing home based on lack of binding

19   precedent at time of defendant's removal and opposition to remand

20   motion); Ramirez v. Windsor Care Ctr. Nat'l City, Inc., 21-cv-

21   1051 AJB WVG, 2022 WL 392899, at *7 (S.D. Cal. Feb. 9, 2022)

22   (same).[5]  Accordingly, the court will award attorneys' fees to

23   _____

24           [5]   Defense counsel has also been counsel of record in
     numerous similar cases in which motions to remand were granted on
25   nearly identical grounds, further suggesting the opposition to
     plaintiff's motion was unreasonable.  See Herring, 2022 WL
26   743515; Luna v. P & M Healthcare Holdings, Inc., 5:22-cv-300 SB
     SHK, 2022 WL 946993 (C.D. Cal. Feb. 25, 2022); Burton v.
27   Silverado Escondido, LLC, 21-cv-1213 WQH RBB, 2021 WL 5087259
     (S.D. Cal. Nov. 2, 2021); Hagoubyan v. KF Rinaldi, LLC, 2:21-cv-
28   6271 SVW E, 2021 WL 4288524 (C.D. Cal. Sept. 21, 2021); Carillo

1    plaintiff, but only those incurred, if any, as a result of
2    defendants' opposition to plaintiff's motion.

3          IT IS THEREFORE ORDERED that plaintiff's motion to
4    remand (Docket No. 7) be, and the same hereby is, GRANTED.[6]

5          IT IS FURTHER ORDERED that defendants' motion to
6    dismiss (Docket No. 4) be, and the same hereby is, DENIED AS
7    MOOT.[7]

8          IT IS FURTHER ORDERED that plaintiff submit, within
9    seven days of this Order, a separate and itemized list of any
10   attorneys' fees incurred on or after April 4, 2022 in addressing
11   this motion, including a detailed explanation for each item
12   listed.

13   Dated:  April 14, 2022

     WILLIAM B. SHUBB
14   UNITED STATES DISTRICT JUDGE

15

16

17

18

19
_____
20   v. Sela Healthcare, Inc., 5:21-cv-150 FLA (SPx), 2021 WL 4556421
21   (C.D. Cal. Sept. 8, 2021); Cortez v. Parkwest Rehab. Ctr. LLC,
     21-cv-5172 AB (ASx), 2021 WL 4033759 (C.D. Cal. Sept. 3, 2021);
22   Lopez v. Greenfield Care Ctr. of S. Gate, LLC, 2:21-cv-2806 RGK
     PVC, 2021 WL 2546756 (C.D. Cal. May 19, 2021); Smith v. Colonial
23   Care Ctr., Inc., 2:21-cv-494 RGK PD, 2021 WL 1087284 (C.D. Cal.
     Mar. 19, 2021).
24

25      [6]   Because consideration of the documents included in
     defendants' request for judicial notice (Docket No. 11) is
26   unnecessary in deciding the motion to remand, the request is
     DENIED AS MOOT.
27

28      [7]   This denial is without prejudice to any motion to
     dismiss being filed in state court upon remand.

                                    10